### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

DARRYL L. FITZHUGH              )
                                )
                                )
       Plaintiff,               )
                                )   Case No. 5:24-cv-00845-JD
vs.                             )
                                )
GOOGLE TRUST SERVICES, LLC,     )
ET AL.                          )
                                )
       Defendant                )

### ANDROID INDUSTRIES, LLC'S, MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW, Android Industries, LLC ("Android"), by and through its counsel, and hereby moves this Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. R. 12 (b)(2), or alternatively to dismiss for insufficient process of service pursuant to Fed. R. Civ. P. R. 12 (b)(5) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. R. 12 (b)(6). In support thereof, Android states as follows:[1]

### INTRODUCTION

This matter was filed on August 15, 2024. While there are no causes of actions present in the Complaint, and no specific reference to Android is made, it would appear Plaintiff is asserting various issues with Google Maps, a T-Mobile cellular phone, his Facebook, and numerous other online accounts, including emails and 'hacking.'

---

[1] Android does not waive any dispute to jurisdiction by filing this Motion and Brief in Support.

Although Android shares the name of an "android phone," it is in fact an assembler of automotive modules and manufacturing innovator of tooling and equipment for vehicle production.[2] (See Declaration as Exhibit A). Android does not supply or perform work for Google, T-Mobile, Meta Platforms, Inc, or any of the other named defendants. Android is not in the business of cellular phones and has no connection to the Plaintiff or any of the statements made in the Complaint. *Id*. Additionally, Android is a Delaware-based limited liability company registered in Delaware and maintains its principal place of business in Michigan. Android is not located in nor does it conduct business in Oklahoma. *Id*.

Finally, Android was improperly served on September 13, 2024, when a sheriff hand-delivered the Complaint to an employee in Android's Shipping & Receiving department, who was not authorized to accept service. *Id*. Specifically, the "[e]ntrance door was locked and unoccupied with a sign directing all deliveries to NW corner of building where summons was served." (Dkt. No. 7). This is not proper or effective service on Android.

## ARGUMENT AND AUTHORITIES

I. **THIS COURT LACKS JURISDICTION OVER MISTAKENLY IDENTIFIED DEFENDANT ANDROID INDUSTRIES, LLC, PURSUANT TO FED. R. CIV. P. 12(B)(2).**

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction is proper with respect to each defendant and must "make a prima facie showing" that jurisdiction exists." *Mittal Well Tech, LLC v. Pro. Well Servs., Inc.*, No. CIV-08-697-D, 2008 WL

---

[2] See Our Company | Automotive Assembly & Supply Chain | Android Industries (android-ind.com), (last accessed September 27, 2024).

5205329, at *2 (W.D. Okla. Dec. 11, 2008) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions,* 205 F .3d 1244, 1247 (10th Cir.2000)); *Kuenzle v. HTM Sport–Und Freizeitgerate AG,* 102 F.3d 453, 456 (10th Cir.1996); *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir.1995). Separate jurisdictional inquiries must be made as to each defendant, as "the [minimum contacts] requirements of *International Shoe* must be met as to each defendant over whom a state court exercises jurisdiction.") *Rush v. Savchuk,* 444 U.S. 320, 332 (1980) (internal citation marks omitted). To establish personal jurisdiction over Android, Plaintiff bears the burden of demonstrating Android has "sufficient minimum contacts with Oklahoma." *Magnesium Mach., LLC v. Terves LLC*, No. CIV-21-1115-PRW, 2022 WL 16641839, at *4 (W.D. Okla. Nov. 2, 2022).

The Court's analysis of personal jurisdiction in diversity cases[3] generally involves a two-step inquiry: courts must determine whether the exercise of jurisdiction is consistent with (1) the long-arm statute of the forum state, and (2) the due process clause of the fourteenth amendment." *Cent. Nat. Bank of Alva, Okla. v. Spearman Cattle Feeders, Inc.*, No. CIV-11-1086-D, 2012 WL 2122173, at * 7 (W.D. Okla. June 11, 2012) (citing *McClelland v. Watling Ladder Co.,* 729 F.Supp. 1316, 1318 (W.D.Okla.1990)). In Oklahoma, that test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process. *Harris v. Am. Int'l Grp., Inc.*, 923 F. Supp. 2d 1299, 1303 (W.D. Okla. 2013) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980); *Peay v. BellSouth Medical Assistance Plan,* 205 F.3d 1206, 1209 (10th Cir.2000)).

---

[3] While not clear from the Complaint, it is Android's understanding that Plaintiff's likely intent is diversity jurisdiction, consistent with a docket entry by the Court.

The due process inquiry "requires that a defendant be haled into court in a forum State based on its own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *cf. Ginavan*, 2019 WL 3526361, at * 2 (citing *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011)) ("As a general matter, due process protects a defendant from a judgment issued by a court in an unfamiliar forum."). Thus, "[t]he analysis under the Due Process Clause requires 'minimum contacts' between the nonresident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 291–92. Moreover, "[a] court may exercise general jurisdiction over an out-of-state defendant where the defendant's contacts with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Wagoner v. Towne*, No. CIV-18-821-G, 2019 WL 440586, at *2 (W.D. Okla. Feb. 4, 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Jurisdiction may also be established "if a 'defendant has "purposefully directed" his activities at residents of the forum ... *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Mittal Well Tech, LLC v. Pro. Well Servs., Inc.,* No. CIV-08-697-D, 2008 WL 5205329, at *2 (W.D. Okla. Dec. 11, 2008) (citing *Kuenzle,* 102 F.3d at 455 quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472 (1985), emphasis added in *Kuenzle*)).

In the present matter, Android is a Delaware-based company doing business in Michigan. Android does not employ employees in Oklahoma and has no assets in Oklahoma. Android therefore does not have "continuous and systematic" contacts in Oklahoma nor has it "purposefully availed" itself to Oklahoma, and thus does not satisfy the requirement of minimum contacts. Further, Plaintiff has not asserted and facts to establish that Android has any contacts in Oklahoma, nor any contacts that are so continuous and systematic to warrant this Court having personal jurisdiction.

The Court must accept uncontroverted factual allegations as true and resolve all factual disputes in Plaintiff's favor. *Mandeville v. Crowley*, No. CIV-16-762-D, 2016 WL 7009107, at * (W.D. Okla. Nov. 30, 2016), *aff'd*, 695 F. App'x 357 (10th Cir. 2017) (citing *Employers Mut. Cas Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004); *Intercon, Inc., v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In this instance, however, there are no factual disputes which would favor Plaintiff, since no allegations as to Android's contacts with the state have even been asserted. Therefore, for the foregoing reasons, this Court lacks jurisdiction over the mistakenly identified and named Android.

II.  **THE WRONG PARTY HAS BEEN SUED AND ANDROID SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1).**

Plaintiff's Complaint appears to relate to issues with various electronic services, including apps, email providers, and his phone. He has sued Google Trust Services, Meta

Platforms, Inc., *inter alia*. Plaintiff has made no statements or allegations that relate to Android's business, i.e., automobile assembly and manufacturing.

It appears that this is a misidentification by Plaintiff. Given he has sued, or has detailed concerns related to, various phones and internet operations, most certainly Plaintiff was intending to sue the manufacturer (or company) related to his device, i.e., his android phone. An android phone is a phone with the android mobile operating system for mobile devices (which is what 'android' is when in connection with phones). *Android (operating system)*, wikipedia.com, https://en.wikipedia.org/wiki/Android_(operating_system) (last visited Sep. 30, 2024). The mobile phone system about which Plaintiff complains is not Android, the manufacturer.

Android was incorrectly and mistakenly named, assumedly due to confusion with an "android" mobile device. Therefore, for the reasons set forth, Plaintiff's Complaint must be dismissed as to Android Industries, LLC, pursuant to Fed. R. Civ. P. 2012(b)(1).

### III. ALTERNATIVELY, SERVICE OF THE SUMMONS AND COMPLAINT WAS INSUFFICIENT AND THE MATTER SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(5).

A Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint. "In opposing a Rule 12(b)(5) motion, the plaintiff bears the burden of showing that he or she has 'complied with all statutory and due process requirements." *Gray v. GEO Grp. Inc.*, No. CIV-17-0137-F, 2019 WL 948041, at * 1 (W.D. Okla. Jan. 24, 2019), *report and recommendation adopted*, No. CIV-17-0137-F, 2019 WL 948031, (W.D. Okla. Feb. 26, 2019), citing *Smith v. Allbaugh*, No. CIV-16-654-G, 2018 WL 5114146, at *1 (W.D. Okla. Oct. 19, 2018) (unpublished district court order) (citation

omitted). Compliance with statutory and due process requirements are not obviated because a plaintiff is pro se. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). If a plaintiff fails to satisfy his burden of compliance, the court has the option to dismiss the action or quash the process without dismissal. *Rudman v. Oklahoma ex rel. Bd. of Regents for the Reg'l Univ. Sys. of Oklahoma*, No. CIV-22-0091-F, 2022 WL 17083406, at * 20 (W.D. Okla. Nov. 18, 2022) (internal citations omitted).

Fed. R. Civ. P. 4 sets forth the requirements to perfect service of process on a company such as Android and provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

In *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.,* 2000 OK 78, 13 P.3d 480, the Oklahoma Supreme Court held that a trial court abused its discretion when it refused to vacate a default judgment, entered after service of process was sent by certified mail but "refused" by a person who was not authorized to receive the mail. The Court found that, because the judgment roll did not reflect that the defendant was personally served or that the statutory

procedure for service by certified mail was followed, the trial court lacked *in personam* jurisdiction over the defendant and the judgment should have been vacated. *Id.* at ¶¶ 13–15, 13 P.3d at 483–84. *See also, Okla. City v. McWilliams,* 1925 OK 375 (holding that a judgment against a municipality rendered without waiver of service or acceptance by a person authorized to accept service or waive same, is invalid).

In *Graff v. Kelly,* 1991 OK 71 ¶ 3, 814 P.2d 489, 491, a process server left the summons with a receptionist at the defendant's business. The defendant argued service was improper and the Oklahoma Supreme Court agreed, finding that the receptionist was not an "agent authorized by the defendant or by law to accept service," and therefore did not satisfy statutory requirements. *Id.* at ¶ 494- 495.[4] In *Washington Mut. Bank FA v. Farhat Enterprises, Inc.*, 2003 OK CIV APP 78 ¶ 10, 77 P.3d 1103, 1107-1108 it was held that while a return receipt signed at such registered office or principal place of business shall be presumed to be signed by an employee authorized to receive certified mail, "if a defendant demonstrates to the trial court that the person signed the return receipt was actually unauthorized, the trial court shall set aside any default judgment against it."

In the present matter, the summons and complaint were left with the Shipping & Receiving department of Android because the "[e]ntrance door was locked and unoccupied with a sign directing all *deliveries* to NW corner of building where summons was served." (Dkt. No. 7) (emphasis added). Android has not authorized the "Shipping & Receiving"

---

[4] While it would appear Oklahoma law applies regarding service of process, service on an employee in the Shipping & Receiving department also would not be proper pursuant to Mich. Comp. Laws Ann. § 600.1920 (West).

department to accept service of process, but rather has an agent registered in the state of Michigan where it conducts business for purposes of service of process. Because the Shipping and Receiving department was not authorized to accept service, Plaintiff cannot present any evidence that service was proper or that due process was complied with. Therefore, if not dismissed for lack of personal jurisdiction, Android must be dismissed from this matter pursuant to Rule 12(b)(5).

### IV. ALTERNATIVELY, PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6).

When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Ind. Nat'l Bank*, 1994 OK 98, ¶3, 880 P.2d 371. Nevertheless, it is well-established that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. 544, 555; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Further, "if a defendant asserts by motion that the petition fails to state a claim upon which relief may be granted and tenders for consideration materials *dehors* the pleadings, summary judgment procedure must be utilized."[5] *Norman v. Trison Dev. Corp.*, 1992 OK 67, 832 P.2d 6, 8.

---

[5] A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S. § 2056(c). "To prevail as the moving party on a motion for summary adjudication, one who defends against a claim by another must either (a) establish that there is no genuine issue of fact as to at least one essential component of the plaintiff's theory of recovery or (b)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) held that a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Although the court did not specifically define what it meant by the term "plausible," it did state that facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the U.S. Supreme Court clarified the "plausible" concept expressed in *Twombly*, holding that in order to be "plausible on its face," so as to withstand a motion to dismiss, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged (citing *Twombly*, emphasis added). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

However, in this case, "[e]ven when taken "as true and in the light most favorable to the non-moving party," Plaintiff's Complaint "does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 567). In fact, Plaintiff's Complaint fails to allege any facts against Android whatsoever. As a result, and notwithstanding that

---

prove each essential element of an affirmative defense, showing in either case that, as a matter of law, the plaintiff has no viable cause of action." *Akin v. Missouri Pac. R. Co.,* 1998 OK 102, 977 P.2d 1040, 1044. "Once a defendant has introduced evidentiary materials to establish these elements, the plaintiff then has the burden of showing that evidence is available which justifies a trial of the issue." *Pardee v. Pers. Representative for Estate of Pardee*, 2005 OK CIV APP 27, 112 P.3d 308, 312 (internal citation omitted).

Android believes it was named because it shares a name with a cellular phone device, Android is unable to ascertain why it would be named in this matter, what causes of action are brought against it, and is further unable to provide defenses to unknown, not identifiable, claims. Instead, the Complaint includes a narrative of the relationship between Plaintiff and his wife, and her alleged actions of being outside his house, in addition to difficulties logging into his online accounts. Further, because the Complaint fails to comport with Fed. R. Civ. P 10(b), requiring a party to state its claims in numbered paragraphs, limited to a single set of circumstances, Android is unable to provide an answer.

Because no specific allegations against Android were made, the Complaint fails in its entirety to state a claim upon which relief can be granted. Therefore, if not dismissed for lack of personal jurisdiction or insufficient service, Android should be dismissed from this matter pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/Meagon R. Eagon
Kaylee Davis-Maddy, OBA No. 31534
Meagon R. Eagon, OBA No. 33165
Doerner, Saunders, Daniel & Anderson, LLP
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Office Phone: (405) 319-3513
Fax: (405) 319-3534
Email:  kmaddy@dsda.com
           meagon@dsda.com

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system (ECF):

Plaintiff Darryl L. Fitzhugh, pro se
3819 N Geraldine Ave #31
Oklahoma City, OK 73112
405-493-2112
mrdarryllscorp@outlook.com

/s/Meagon R. Eagon
Meagon R. Eagon

8502821.1